UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MOLLIE BEAVER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIEMENS HEALTHINEERS, AG, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 5:22-cv-00172-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court Plaintiff Mollie Beaver's Response to a Show Cause Order, Motion for Extension of Time to Effect Service, and Motion for Leave to File a First Amended Complaint. [R. 11.] Noting that the 90-day deadline to effect service of process had passed, the Court ordered Ms. Beaver to show cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). [R. 5.] A pattern of contumacious conduct by Ms. Beaver's counsel of record, Georgia Lee Hensley, ensued. [*See* R. 9.] Now, another attorney has appeared and asks the Court for an extension and for leave to file an amended complaint. [R. 11.] Because the Defendant has prior notice of the existence of this litigation and because Ms. Beaver might be prejudiced otherwise, the Court will **GRANT** her Motion for an Extension of Time. **[R. 11.]**

**I**

Georgia Lee Hensley filed this matter in federal court on June 28, 2022, on behalf of her client, Plaintiff Mollie Beaver. [R. 1.] The Clerk issued summons as to Defendant Siemens Medical Solutions USA, Inc. [R. 3.] No document was ever returned executed.

Nearly eight months passed without any further action from Ms. Hensley. Then, on February 14, 2023, Ms. Hensley moved to withdraw from the case. [R. 4.] Consistent with the local rules, she indicated that written consent from her client and a notice of appearance from substitute counsel were attached to her motion. *Id.* But there were no such attachments in the record, and the Court denied her motion after the Clerk gave Ms. Hensley an opportunity to fix the problem. [R. 6.]

The same day, the Court issued a show cause order regarding the failure to effect service of process. [R. 5.] To remain in federal court, plaintiffs must serve their complaints upon their opposing party within ninety days of filing suit. Fed. R. Civ. P. 4(m). Absent a showing of good cause for the delay, federal courts generally dismiss complaints without prejudice after giving notice to the tardy party. 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed. 2022). Therefore, the Court ordered the Plaintiff to show cause within ten days as to why this action should not be dismissed for failure to prosecute pursuant to Rule 4(m). [R. 5.] More than ten days passed without a response.

Noting its concern that the Plaintiff might be prejudiced, the Court declined to dismiss this action. [R. 7.] The Court considered the record and concluded that Ms. Hensley appeared to be operating under the assumption that she had effectively withdrawn from the case. *Id.* Accordingly, the Court ordered Ms. Hensley to show cause as to why the case should not be dismissed. *Id.*

Ms. Hensly did not obey that order. Instead, she again attempted to withdraw from the case. [R. 8.] Unfortunately, Ms. Hensley failed to attach or otherwise point to a notice of appearance from substitute counsel. *Id.* She did, however, list an email address for attorney Kelley Mulloy Meyers. [R. 8-2.] The Court issued another show cause order on the service

2

issue and directed the Clerk to email Ms. Meyers a copy of its order. [R. 9.]

Now, Ms. Meyers has entered an appearance and responded to the service issue. [R. 11.] She expresses Ms. Beaver's frustrations with "the actions and inactions of [Ms. Beaver's] original counsel in this matter." [R. 11 at 1.] She asks the Court, either for good cause or based on its discretion, to extend the deadline for service and for leave to file an amended complaint. *Id.* at 2. The matter is ripe for review.

## II

### A

Generally, the Federal Rules of Civil Procedure require a plaintiff to effect service within ninety days of filing a complaint. Fed. R. Civ. P. 4(m). A district court can extend this time upon a showing of good cause from the plaintiff. *Id.* An extension is occasionally appropriate where the delay is due to the conduct of a third party. 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed. 2022); *accord Clemons v. Soeltner*, 62 Fed. App'x 81, 83 (6th Cir. 2003). But several courts agree that the negligence of a party's attorney's is not good cause. *See Valentin v. Comm'r of Soc. Servs.*, 99 Civ. 10853 (GEL), 2000 U.S. Dist. LEXIS 16984, at *3 (S.D.N.Y. Nov. 21, 2000) (collecting cases); *see also Reis v. Comm'r of Soc. Sec.*, 710 Fed. App'x 828, 829 (11th Cir. 2017) ("a lawyer's negligence constitutes no 'good cause' for purposes of Rule 4"); *Delong v. Arms*, 251 F.R.D. 253, 255 (E.D. Ky. 2009) (mere oversight is not good cause).

From the record, there appears to be no good cause for the delay. Ms. Beaver's new counsel, Ms. Myers, lays the blame for the delay at the feet of her predecessor, Ms. Hensly. [*See* R. 11 at 4 n.1 (suggesting that the issues in this case could amount to legal malpractice).] Ms. Myers indicates that Ms. Hensly filed her motions to withdraw from the case at Ms. Beaver and

3

Ms. Myers's behest. *Id.* at 4. Apparently, Ms. Beaver had secured Ms. Myers as counsel as early as January of 2023. *Id.* at 5. But Ms. Myers did not enter an appearance in this matter until April of 2023. [R. 10.] So, it is unclear that the delay is purely due to Ms. Hensly's negligence, as Ms. Beaver and Ms. Mulloy now claim. [*See* R. 11 at 4.] Regardless, the negligence of an attorney is not good cause for an extension. *Reis*, 710 Fed. App'x at 829.

Nevertheless, the Court will exercise its discretion and grant a brief extension of the service period. In the absence of good cause, a district court in the Sixth Circuit should consider the following to decide whether to grant a discretionary extension of the deadline for service:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant [has] actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff [has] made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022). While a potential statute of limitations issue is a factor, the potential running of the statute of limitations does not require a court to grant a discretionary extension. *Id.* at 570.

Ms. Beaver argues that these factors favor an extension. [R. 11 at 5.] When Ms. Beaver encountered difficulties with her original attorney's inaction, she diligently attempted to correct

4

the problem and reached out to attorney Stuart Torch. *Id.*; [R. 11-2 at 1 ¶¶ 1–4.] Mr. Torch promptly referred Ms. Beaver to her current attorney, Ms. Myers, in January of 2023. [R. 11-2 at 1 ¶¶ 3–4.] Thus began the saga of ineffective attempts at substituting counsel that played out over the following months.

Ms. Beaver also has evidence that the Defendant, Siemens, has known about this litigation since October of 2022. [R. 11 at 5.] In a related suit, a former Siemens employee asked Siemens to identify any similar suits that it was facing. [R. 11-2 at 1–2 ¶ 7.] In response, Siemens listed this case. *Id.* at 6.

Critically, Ms. Beaver is concerned that dismissal of this action might create an issue with the statute of limitations. [R. 11 at 5.] Ms. Beaver pursues a Title VII claim against Siemens. *Id.* at 6. A common path to bringing these claims in federal court begins with a plaintiff exhausting her remedies with the Equal Employment Opportunity Commission. *Id.* (citing *Scott v. Eastman Chm. Co.* 275 Fed. App'x 466, 470–71 (6th Cir. 2008)). Ms. Beaver did not exhaust her remedies with the EEOC. *Id.*

Instead, Ms. Beaver may rely on a rule that allows her to piggyback off of another plaintiff's similar administrative filing. *Id.* (citing *Howlett v. Holiday Inns*, 49 F.3d 189, 194 (6th Cir. 1995)). Ms. Beaver claims that she will need discovery to fully ascertain whether this rule applies to her. *Id.* at 8. Accordingly, if the Court were to dismiss this case, Ms. Beaver fears that a subsequent re-filing might not relate back to a time within the statute of limitations. *Id.*

The remaining factors do not appear to tip the scales against Ms. Beavers. While this case has been pending for almost a year without service, Siemens had notice of the case. *Cf. Cox v. Draper*, No. 2:20-cv-00081, 2022 U.S. Dist. LEXIS 207016, at *6–7 (M.D. Tenn. Nov. 15,

5

2022) (no discretionary extension where case was pending for nearly two years and defendant had no notice). Without Siemens present, the Court cannot divine a reason that Siemens will be prejudiced beyond having to defend this suit. On balance, Ms. Beaver merits a discretionary extension to serve Siemens.

### B

Ms. Beaver may also file her amended complaint. The Rules allow plaintiffs to amend their complaints either by right or with leave of the Court. Fed. R. Civ. P. 15(a). There are two scenarios where a plaintiff can amend by right. *Id.* First, the plaintiff can amend her complaint within twenty-one days of serving it. *Id.* § 15(a)(1)(A). Second, she can amend by right before the earlier of twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f). *Id.* § 15(a)(1)(B). Otherwise, the plaintiff must obtain consent from her opposing party or from the Court to amend a pleading. *Id.* § 15(a)(2).

As discussed at length, Ms. Beaver has not yet served her complaint on Siemens. Given that the Court is granting an extension of the service period, she is still able to amend her complaint by right. *See* Fed. R. Civ. P. 15(a)(1)(A). The Court will direct the Clerk to file the tendered pleading in the record as an amended complaint.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Molly Beaver's Motion for Extension of Time **[R. 11]** is **GRANTED**;

2. The Clerk is **DIRECTED** to file her tendered attachment **[R. 11-1]** into the record as an amended complaint; and

3. Ms. Beaver **SHALL** serve the Defendants within thirty (30) days of the entry of

this Order.

This the 2nd day of May 2023.

Gregory F. Van Tatenhove
United States District Judge