UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

MOLLIE BEAVER,                      )
                                    )
            Plaintiff,              )
                                    )       Civil No. 5:22-cv-00172-GFVT
v.                                  )
                                    )       **MEMORANDUM OPINION**
SIEMENS HEALTHINEERS, AG, *et al.*, )       **&**
                                    )       **ORDER**
            Defendants.             )
                                    )

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on Plaintiff Mollie Beaver's Motion to Change Venue [R. 16] and Defendant Siemens Healthineers, AG's Motion to Dismiss.  [R. 18.]  For the reasons that follow, Ms. Beaver's Motion will be **GRANTED** and Siemens's Motion will be **DENIED**.

**I**

This action originated in federal court on June 28, 2022, when Plaintiff Molly Beaver filed a Complaint alleging that the Defendants, her former employers, failed to accommodate Ms. Beaver's sincerely held religious beliefs in the context of COVID-19 vaccinations.  [R. 1.] After a series of woes involving multiple attempts by Ms. Beaver's original counsel to withdraw [*see* R. 4-9], Ms. Beaver retained new counsel and filed an Amended Complaint.  [R. 14.] Before the Defendants filed any responsive pleadings, Ms. Beaver filed a Motion to Change Venue, which concedes that this Court does not have personal jurisdiction over Siemens and that the Eastern District of Kentucky is not the appropriate venue for this action.  [R. 16.]  Shortly thereafter, Siemens filed its Motion to Dismiss, which agrees that this Court lacks jurisdiction and that venue is improper, but also evincing that Ms. Beaver's amended complaint fails to state

a claim. [R. 18.] Now that the briefing period for each motion has concluded, the Court will turn to each motion concurrently.

## II

## A

28 U.S.C. § 1406 applies to actions that are brought in an impermissible forum. "[T]he district court need not have personal jurisdiction over defendants before transferring pursuant to this section." *Jackson v. L&F Martin Landscape*, 421 Fed. App'x. 482, 483 (6th Cir. 2009). Section 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1631 also applies to such actions. Section 1631 states that when the court "finds that there is a want of jurisdiction," it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought . . . ." 28 U.S.C. § 1631. "A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) transfer would not be in the interest of justice." *Jackson*, 421 Fed. App'x. at 483 (quoting *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003)).

Here, there is no dispute that the Eastern District of Kentucky is an improper venue. Both Parties agree that this Court lacks personal jurisdiction over Siemens. [*See* R. 16 at 3; R. 19 at 7.] The disagreement is about what to do with this matter. Ms. Beaver argues that this case should be transferred to the Eastern District of Michigan, Southern Division because that is where Ms. Beaver was employed by Siemens and where a "substantial part of the events or omissions giving rise to the claim" occurred. [R. 16 at 2; *see also* R. 14 at ¶ 6.] Ms. Beaver

avers that the interests of justice warrant transfer of venue instead of dismissing the case in its entirety because Ms. Beaver fears that a subsequent re-filing might not relate back to a time within the statute of limitations.  [R. 16 at 5.]  Indeed, the Sixth Circuit has found "that the reasons for transferring a case to a proper forum rather than dismissing 'are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits.'"  *Jackson*, 421 F. App'x at 484 (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at 587 (3d ed. 2007)).

Conversely, Siemens argues that transferring venue would be futile.  [*See* R. 21.] According to Siemens, this case should be dismissed not only because this Court lacks personal jurisdiction, but because Ms. Beaver has failed to state a plausible claim.  [*See* R. 19.]  Siemens avers that, because Ms. Beaver had not exhausted her administrative remedies prior to filing her Title VII claims, Ms. Beaver's action fails on Rule 12(b)(6) grounds.  Thus, transferring this matter to the Eastern District of Michigan would not serve the interest of justice.  In reply, Ms. Beaver contends that she is alleging the right to pursue her Title VII claims based upon an exception to the general administrative exhaustion requirement.  [R. 23.]

In this instance, the Court is afforded wide discretion.  *See First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998) ("The decision of whether to dismiss or transfer is within the district court's sound discretion . . . .").  Given the fact that the Court lacks personal jurisdiction over Siemens and that venue in the Eastern District of Kentucky was never proper, the Court finds that transferring this matter to the Eastern District of Michigan is the most appropriate resolution.  It would be within the Court's discretion to consider Siemens's Rule 12(b)(6) arguments, which are based upon an argument that Ms. Beaver failed to exhaust her

administrative remedies.  But Ms. Beaver avers that she will need the opportunity to conduct discovery and more fully develop a record in order to hopefully avail herself of an exception to the administrative exhaustion requirement.  [R. 22 at 7-9.]  Because proceeding into discovery may be necessary, this case must be sent to a district that can exercise jurisdiction.  Moreover, as explained by this Court in previous Orders, it is reluctant to prejudice Ms. Beaver because of her counsel's errors.  [*See e.g.*, R. 7; R. 13.]  Ms. Beaver's prior counsel filed this action in the Eastern District of Kentucky because Siemens "conducts business in this district."  [*See* R. 1 at ¶ 7.]  But in her Amended Complaint, which was filed by her new counsel, Ms. Beaver expressed her belief that venue is more appropriate in the Eastern District of Michigan.  [R. 14 at ¶ 6.]  The Court finds it apparent that Ms. Beaver's new counsel is readily attempting to remedy the mistakes made by Ms. Beaver's prior counsel.  Thus, the interest of justice will be better served by transferring this case to a district where venue is appropriate rather than dismissing the case altogether.

**B**

So, where should this case be transferred to?  In general, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Moreover, Title VII, under which Ms. Beaver's action is brought, provides plaintiffs several choices of venue:  any federal district court in the State in which the unlawful employment practice allegedly took place, "in the judicial district in which the employment records relevant to such practice are maintained and administered," or "in the judicial district in

which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3).

Here, Ms. Beaver avers that the Eastern District of Michigan, Southern Division is the appropriate venue for this action because that is where Ms. Beaver was employed by Siemens and where a "substantial part of the events or omissions giving rise to the claim" occurred. [*See* R. 14 at ¶ 6.] Ms. Beaver alleged that she worked for Siemens "as a remote employee out of her home in Clay Township, Michigan." *Id*. at ¶ 14. Ms. Beaver explains that the alleged Title VII violation occurred while she was living in Michigan, and that she would have continued working in Michigan "but for" the alleged Title VII violation. [R. 16 at 3.] Observing no dispute from Siemens that Ms. Beaver worked remotely from her home in Michigan, the Court agrees with Ms. Beaver's reasoning that the Eastern District of Michigan, Southern Division is the proper venue to accept transfer.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Mollie Beaver's Motion to Change Venue [**R. 16**] is **GRANTED**;

2. Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss [**R. 18**] is **DENIED**;

3. Georgia Hensley's Motion to Withdraw [**R. 8**] is **DENIED as moot**;

4. Georgia Hensley **SHALL** be removed as an attorney of record; and

5. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the **Eastern District of Michigan, Southern Division** for all further proceedings.

This the 28th day of March 2024.

Gregory F. Van Tatenhove
United States District Judge